**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| S3G TECHNOLOGY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 6:16-cv-400 |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| UNIKEY TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT UNIKEY TECHNOLOGIES, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant UniKey Technologies, Inc. ("UniKey" or "Defendant") answers Plaintiff S3G Technology LLC's ("S3G" or "Plaintiff") Complaint for Patent Infringement ("Complaint") as follows, denying S3G's allegations and averments except as specifically admitted in this Answer ("Answer").

To the extent that the preamble to S3G's Complaint contains any allegations, they are DENIED.

**JURISDICTION AND VENUE**

1. UniKey ADMITS that, on its face, the Complaint purports to state a claim for patent infringement pursuant to 35 U.S.C. §§ 1 et seq. UniKey DENIES any such infringement, the legal sufficiency of S3G's claims, and the allegations in support thereof.

2. UniKey ADMITS that the Court has subject matter jurisdiction over patent infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. The allegations in Paragraph 3 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, UniKey DENIES the allegations of Paragraph 3.

4. The allegations in Paragraph 4 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, UniKey DENIES the allegations of Paragraph 4.

## PARTIES

5. UniKey lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5, and therefore DENIES them.

6. UniKey ADMITS that it is a Florida corporation with a principal place of business at 111 West Jefferson Street #100, Orlando, Florida 32801. UniKey ADMITS that it derives a significant portion of its revenue from the promotion and/or sale of its products and services, including its Kevo application. UniKey DENIES the remaining allegations of Paragraph 6.

7. UniKey lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and therefore DENIES them.

## PATENTS

8. UniKey ADMITS that the Complaint includes an attachment that purports to be U.S. Patent No. 9,081,897 (the "'897 patent"), which, on its face, purports to be titled "Modification of Terminal and Service Provider Machines Using an Update Server Machine" and purports to have issued on July 14, 2015. UniKey DENIES that the '897 patent is valid. UniKey lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8, and therefore DENIES them.

9.      UniKey ADMITS that the Complaint includes an attachment that purports to be U.S. Patent No. 8,572,571 (the "'571 patent"), which, on its face, purports to be titled "Modification of Terminal and Service Provider Machines Using an Update Server Machine" and purports to have issued on October 29, 2013. UniKey DENIES that the '571 patent is valid. UniKey lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9, and therefore DENIES them.

10.     UniKey ADMITS that the Complaint includes an attachment that purports to be U.S. Patent No. 9,304,758 (the "'758 patent"), which, on its face, purports to be titled "Modification of Terminal and Service Provider Machines Using an Update Server Machine" and purports to have issued on April 5, 2016. UniKey DENIES that the '758 patent is valid. UniKey lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10, and therefore DENIES them.

## FIRST CLAIM FOR RELIEF

### Infringement of the '897 patent

11.     UniKey's responses to the allegations in Paragraphs 1-10 are incorporated herein by reference.

12.     UniKey DENIES the allegations in Paragraph 12.

13.     UniKey ADMITS that it learned of the existence of the '897 patent after the filing date of the Complaint. UniKey DENIES the remaining allegations of Paragraph 13.

14.     UniKey ADMITS that claims 1 and 9 of the document attached to the Complaint as Exhibit A recite "one or more update server machines comprising a processor and operable for sending a terminal dialogue module to a respective terminal machine and a provider dialogue module to a respective service provider machine to allow the terminal machine and the service

provider machine to conduct a dialogue sequence with each other." UniKey further ADMITS that claim 9 of the document attached to the Complaint as Exhibit A recites "the service provider machine and a respective update server machine are the same machine." UniKey DENIES the remaining allegations of Paragraph 14.

15. UniKey DENIES the allegations of Paragraph 15.

16. UniKey DENIES the allegations of Paragraph 16.

17. UniKey DENIES the allegations of Paragraph 17.

18. UniKey DENIES the allegations of Paragraph 18.

## SECOND CLAIM FOR RELIEF

### Infringement of the '571 patent

19. UniKey's responses to the allegations in Paragraphs 1-18 are incorporated herein by reference.

20. UniKey DENIES the allegations of Paragraph 20.

21. UniKey ADMITS that it learned of the existence of the '571 patent after the filing date of the Complaint. UniKey DENIES the remaining allegations of Paragraph 21.

22. UniKey ADMITS that claims 2 and 10 of the document attached to the Complaint as Exhibit B recite "an update server machine comprising a processor and operable for sending a terminal dialogue module to the terminal machine and a provider dialogue module to the service provider machine to allow the terminal machine and the service provider machine to conduct a dialogue sequence with each other." UniKey ADMITS that claim 10 of the document attached to the Complaint as Exhibit B recites "the service provider machine and a respective update server machine are the same machine." UniKey DENIES the remaining allegations of Paragraph 22.

23. UniKey DENIES the allegations of Paragraph 23.

24. UniKey DENIES the allegations of Paragraph 24.

25. UniKey DENIES the allegations of Paragraph 25.

26. UniKey DENIES the allegations of Paragraph 26.

### THIRD CLAIM FOR RELIEF

**Infringement of the '758 patent**

27. UniKey's responses to the allegations in Paragraphs 1-26 are incorporated herein by reference.

28. UniKey DENIES the allegations of Paragraph 28.

29. UniKey ADMITS that it learned of the existence of the '758 patent after the filing date of the Complaint. UniKey DENIES the remaining allegations of Paragraph 29.

30. UniKey ADMITS that claim 1 of the document attached to the Complaint as Exhibit C recites "displaying a first prompt on a terminal display of a terminal machine . . . ; accepting a first data entry at the terminal machine . . . ; communicating information from the terminal machine to the service provider machine . . . ; and receiving, at the terminal machine, a terminal dialogue module that replaces at least a portion of the first code to produce first updated code." UniKey DENIES the remaining allegations of Paragraph 30.

31. UniKey DENIES the allegations of Paragraph 31.

32. UniKey DENIES the allegations of Paragraph 32.

33. UniKey DENIES the allegations of Paragraph 33.

## JURY DEMAND

34. To the extent that the Jury Demand of S3G's Complaint contains any allegations, they are DENIED.

## PRAYER FOR RELIEF

UniKey DENIES that S3G is entitled to any of the requested relief and DENIES any allegations in the Prayer for Relief of the Complaint.

## GENERAL DENIAL

UniKey DENIES all allegations of the Complaint not otherwise answered above.

## AFFIRMATIVE DEFENSES

UniKey alleges and asserts the following defenses, affirmative or otherwise, without assuming any burden of proof that it would not otherwise have. In addition to the defenses described below, UniKey specifically reserves all rights to allege additional defenses, affirmative or otherwise, that become known through the course of this litigation, including discovery.

### FIRST AFFIRMATIVE DEFENSE: Non-infringement of the Patents-in-Suit

UniKey does not infringe and has not infringed, either directly, contributorily, by inducement, or otherwise, any claim of the '897 patent, the '571 patent, or the '758 patent (collectively, the "Patents-in-Suit").

### SECOND AFFIRMATIVE DEFENSE: Invalidity of the Patents-in-Suit

The claims of the Patents-in-Suit are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, 111, and 112.

### THIRD AFFIRMATIVE DEFENSE: Laches

S3G's claim of infringement of the Patents-in-Suit is barred, in whole or in part, by laches.

### FOURTH AFFIRMATIVE DEFENSE: Equitable Estoppel/Waiver

S3G's claim of infringement of the Patents-in-Suit is barred, in whole or in part, by the doctrines of equitable estoppel and/or waiver.

### FIFTH AFFIRMATIVE DEFENSE: Prosecution History Estoppel/Acquiescence

S3G's claim of infringement of the Patents-in-Suit is barred, in whole or in part, as a result of the doctrines of prosecution estoppel and/or acquiescence.

### SIXTH AFFIRMATIVE DEFENSE: Failure to Mark

S3G's recovery of any damages for alleged infringement should be limited or barred by its failure, or that of its licensees, to comply with 35 U.S.C. § 287.

### SEVENTH AFFIRMATIVE DEFENSE: Lack of Standing

S3G lacks standing to bring a suit alleging infringement of the Patents-in-Suit.

### EIGHTH AFFIRMATIVE DEFENSE: Failure to State a Claim

S3G's Complaint fails to state a claim upon which relief can be granted, including but not limited to, because the Complaint fails to meet the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

### NINTH AFFIRMATIVE DEFENSE: No Entitlement to Injunctive Relief

S3G is not entitled to any injunctive relief because it has, at minimum, an adequate remedy at law and has suffered no irreparable injury.

**TENTH AFFIRMATIVE DEFENSE: Patent Misuse, Unfair Competition, and Deceptive Trade Practices**

S3G's claims for damages and/or other relief are barred, in whole or in part, because S3G has engaged in patent misuse, unfair competition, and/or deceptive trade practices. Upon information and belief, S3G initiated and continued to prosecute this litigation for an improper and anticompetitive purpose, knowingly asserting an invalid and/or not infringed patent in an attempt to coerce settlement or collect damages to which S3G has no rightful claim under the patent laws.

## COUNTERCLAIMS

Counterclaim-plaintiff UniKey Technologies, Inc. ("UniKey") alleges the following counterclaims against S3G Technology LLC ("S3G"), incorporating by reference all of the allegations and averments of the foregoing Answer and Affirmative Defenses as though the same were fully set forth herein.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, 2202 and the U.S. patent laws, 35 U.S.C. § 1 et seq.

2. The Court has personal jurisdiction over S3G because it has purposefully availed itself of the benefits and laws of this jurisdiction, including by filing the instant action.

3. Venue is proper in the Eastern District of Texas because S3G filed the original action in this district.

## THE PARTIES

4. UniKey is a Florida corporation with a principal place of business at 111 West Jefferson Street #100, Orlando, Florida 32801.

5. On information and belief, S3G is a limited liability company organized under the laws of the State of California with its principal place of business in Foster City, California.

**FIRST COUNTERCLAIM: NON-INFRINGEMENT OF THE '897 PATENT**

6. UniKey incorporates by reference paragraphs 1-5 of its Counterclaims above as if fully set forth herein.

7. In its Complaint, S3G purported to assert claims for the alleged infringement of United States Patent No. 9,081,897 ("the '897 patent").

8. An actual controversy has arisen between UniKey and S3G concerning the alleged infringement of the '897 patent.

9. UniKey has not and does not now infringe the '897 patent.

10. UniKey has not contributed to the infringement and is not now contributing to the infringement of the '897 patent.

11. UniKey has not induced others to infringe and is not now inducing others to infringe the '897 patent.

12. UniKey is entitled to a judgment from this Court that the '897 patent is not infringed by any of UniKey's actions.

**SECOND COUNTERCLAIM: NON-INFRINGEMENT OF THE '571 PATENT**

13. UniKey incorporates by reference paragraphs 1-12 of its Counterclaims above as if fully set forth herein.

14. In its Complaint, S3G purported to assert claims for the alleged infringement of United States Patent No. 8,572,571 ("the '571 patent").

15. An actual controversy has arisen between UniKey and S3G concerning the alleged infringement of the '571 patent.

16. UniKey has not and does not now infringe the '571 patent.

17. UniKey has not contributed to the infringement and is not now contributing to the infringement of the '571 patent.

18. UniKey has not induced others to infringe and is not now inducing others to infringe the '571 patent.

19. UniKey is entitled to a judgment from this Court that the '571 patent is not infringed by any of UniKey's actions.

### THIRD COUNTERCLAIM: NON-INFRINGEMENT OF THE '758 PATENT

20. UniKey incorporates by reference paragraphs 1-19 of its Counterclaims above as if fully set forth herein.

21. In its Complaint, S3G purported to assert claims for the alleged infringement of United States Patent No. 9,304,758 ("the '758 patent").

22. An actual controversy has arisen between UniKey and S3G concerning the alleged infringement of the '758 patent.

23. UniKey has not and does not now infringe the '758 patent.

24. UniKey has not contributed to the infringement and is not now contributing to the infringement of the '758 patent.

25. UniKey has not induced others to infringe and is not now inducing others to infringe the '758 patent.

26. UniKey is entitled to a judgment from this Court that the '758 patent is not infringed by any of UniKey's actions.

### FOURTH COUNTERCLAIM: INVALIDITY OF THE '897 PATENT

27. UniKey incorporates by reference paragraphs 1-26 of its Counterclaims above as if fully set forth herein.

28. An actual controversy has arisen between UniKey and S3G concerning the validity of the claims of the '897 patent.

29. The claims of the '897 patent are invalid pursuant at least to 35 U.S.C. §§ 101, 102, 103, and/or 112.

30. UniKey is entitled to a judgment from this Court that the claims of the '897 patent are invalid pursuant at least to 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FIFTH COUNTERCLAIM: INVALIDITY OF THE '571 PATENT

31. UniKey incorporates by reference paragraphs 1-30 of its Counterclaims above as if fully set forth herein.

32. An actual controversy has arisen between UniKey and S3G concerning the validity of the claims of the '571 patent.

33. The claims of the '571 patent are invalid pursuant at least to 35 U.S.C. §§ 101, 102, 103, and/or 112.

34. UniKey is entitled to a judgment from this Court that the claims of the '571 patent are invalid pursuant at least to 35 U.S.C. §§ 101, 102, 103, and/or 112.

### SIXTH COUNTERCLAIM: INVALIDITY OF THE '758 PATENT

35. UniKey incorporates by reference paragraphs 1-34 of its Counterclaims above as if fully set forth herein.

36. An actual controversy has arisen between UniKey and S3G concerning the validity of the claims of the '758 patent.

37. The claims of the '758 patent are invalid pursuant at least to 35 U.S.C. §§ 101, 102, 103, and/or 112.

38. UniKey is entitled to a judgment from this Court that the claims of the '758 patent are invalid pursuant at least to 35 U.S.C. §§ 101, 102, 103, and/or 112.

## RELIEF REQUESTED

UniKey requests that the Court grant it the following relief:

1. Dismiss the Complaint against UniKey with prejudice and find that S3G takes nothing by way of its Complaint;

2. Enter a judgment declaring that UniKey has not infringed and does not infringe the Patents-in-Suit;

3. Enter a judgment declaring that UniKey has not induced and does not induce infringement of the Patents-in-Suit;

4. Enter a judgment declaring that UniKey has not contributorily infringed and does not contributorily infringe the Patents-in-Suit;

5. Enter a judgment declaring that the Patents-in-Suit are invalid and/or unenforceable;

6. Declare this case exceptional and award UniKey its reasonable costs, expenses, and attorneys' fees;

7. Award UniKey any and all other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, UniKey respectfully requests a trial by jury of all issues so triable.

Dated: July 1, 2016	Respectfully submitted,

*/s/ Steven M. Bauer*
Steven M. Bauer
(Admitted to practice in the E.D. Texas)
MA State Bar No. 542531
Micah W. Miller
(Application for admission *pro hac vice* forthcoming)
Gourdin W. Sirles
(Application for admission *pro hac vice* forthcoming)
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110-2600
sbauer@proskauer.com
mmiller@proskauer.com
gsirles@proskauer.com
Tel. (617) 526-9700
Fax (617) 526-9899

Melissa Richards Smith
State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Attorneys for Defendant UniKey Technologies, Inc.*

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 1st day of July, 2016.

                                      */s/ Steven M. Bauer*_____
                                      Steven M. Bauer