# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

|                              |     |                          |
|------------------------------|-----|--------------------------|
|                              | §   |                          |
| **S3G TECHNOLOGY, INC.**     | §   |                          |
|                              | §   |                          |
|                              | §   |                          |
| **v.**                       | §   | **CIVIL ACTION NO. 6:16-cv-400-** |
|                              | §   | **RWS-KNM**              |
|                              | §   |                          |
| **UNIKEY TECHNOLOGIES, INC.**| §   |                          |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the Court are Defendant's objections to the Report and Recommendation of the United States Magistrate Judge (Docket No. 74) regarding the disputed claim terms in United States Patent Nos. 8,572,571 ("the '571 Patent"), 9,081,897 ("the '897 Patent") and 9,304,758 ("the '758 Patent") (collectively, "Asserted Patents") and regarding Defendants' Motion for Summary Judgment of Invalidity Under 35 U.S.C. § 112, ¶ 6. Having reviewed the written objections *de novo*, Defendant's objections are **OVERRULED**. The Magistrate Judge's Report and Recommendation (Docket No. 74) ("Report") is accordingly **ADOPTED**.

## DEFENDANT'S OBJECTIONS

Defendant has filed two sets of objections to the Report. First, Defendant objects to the Report regarding Defendants' Motion for Summary Judgment of Invalidity under 35 U.S.C. § 112, ¶ 6. Docket No. 78. Second, Defendant objects to the Magistrate Judge's construction of certain disputed claim terms. Docket No. 78.

I.      **Defendant's Objections to the Report and Recommendation Regarding Motion for Summary Judgment of Invalidity Due to Indefiniteness (Docket No. 78)**

Defendant objects to the Magistrate Judge's finding that "terminal dialogue module" and "provider dialogue module" are not governed by 35 U.S.C. § 112, ¶ 6. Docket No. 78 at 1. Defendant argues that the Report incorrectly finds that the disputed claim term "dialogue module," as recited in each of the asserted patent claims as either "terminal dialogue module" or "provider dialogue module," recites structure. *Id.*

Defendant reiterates its argument in its Response, which has been fully addressed by the Report. Docket No. 54 at 9. ("[T]he claims here recite the function of the 'terminal dialogue module,' but do not recite a structure that could perform the function, such as a circuit or software algorithm.") Defendant cites *Noah Sys., Inc. v. Intuit Inc.,* 675 F.3d 1302 (Fed. Cir. 2012) and *Media Rights Tech. Inc. v. Capital One Fin. Corp.,* 800 F.3d 1366 (Fed Cir. 2015) to argue that an algorithm must be explicitly disclosed in the claim to avoid means-plus-function treatment for a computer-implemented limitation. Docket No. 78 at 2, 3. However, Defendant conflates the principles of the § 112, ¶ 6 corresponding structure analysis with the threshold question of the applicability of § 112, ¶ 6. *Apple Inc. v. Motorola, Inc.,* 757 F.3d 1286, 1296 (Fed. Cir. 2014), *abrogated on other grounds by Williamson v. Citrix Online*, 792 F.3d 1339 (Fed. Cir. 2015) (finding that the overall means-plus-function analysis is a distinct two-step process, where the claim limitation must first be construed to decide if it connotes "sufficiently definite structure" to a person of ordinary skill in the art. The specification will be reviewed for "corresponding structure" analysis only if the claim limitation is found to be in means-plus-function format.)

The Court therefore **OVERRULES** Defendant's objections to the Report's conclusion regarding Defendant's Motion for Summary Judgment of Invalidity Due to Indefiniteness.

## II. Defendant's Objections to the Report and Recommendation Regarding Claim Construction (Docket No. 78)

Defendant objects to the Magistrate Judge's finding that "the 'terminal machine,' 'service provider machine,' and 'update server machine,' need not be separate and distinct entities" because the patentee made a clear and unmistakable disclaimer in the prosecution history. Doc. No. 78 at 1, 4. This argument was fully addressed in the Report. Docket No 74 at 20. ("On balance, the prosecution history cited by Defendant contains no definitive statements that would warrant requiring 'separate' machines. No such requirement is evident from the patentee's use of the word 'different entities.') (citations omitted).

Defendant's objections should be overruled for the same reasons set forth in the Report. Furthermore, Defendant's objection does not address the portion of the specification cited by the Report: " '571 Patent at 4:48-50 ('Although they are described separately, the service provider machine 110 and the update server machine 102 may or may not be on the same physical machine.')." Docket No. 74 at 20.

The Court hereby **OVERRULES** Defendant's objections as to the claim construction of "terminal machine," "service provider machine," and "update server machine."

## CONCLUSION

For the reasons set forth above, the Court **OVERRULES** Defendant's objections regarding claim construction. Docket No. 78.

The Court further **OVERRULES** Defendant's Objections to the Report and Recommendation regarding Defendant's Motion for Summary Judgment of Invalidity under 35 U.S.C. § 112. Docket No. 78. Accordingly, Defendants' Motion for Partial Summary Judgment of Invalidity Due to Indefiniteness is **DENIED**.

**SIGNED this 1st day of November, 2017.**

Robert W. Schroeder III
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE